AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Alabama

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. |
| ) | Mag. No. 26-99 |
| ) | |
| Carlos Crisostomo Garcia ) | |
| ) | |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 31, 2026 _____ in the county of _____ Cullman _____ in the _____ Northern _____ District of _____ Alabama _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a) | Illegal Re-Entry After Removal |
| 18 U.S.C. 922(g)(5) | Illegal Alien in Possession of a Firearm |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

*John Pearson*
Complainant's signature

John Pearson, Special Agent, ATF
Printed name and title

telephonically        electronically
Sworn to before me and signed in my presence.

Date: _____ 03/05/2026 _____

Judge's signature

City and state: _____ Birmingham, Alabama _____        Nicholas A. Danella, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, John Pearson, being first duly sworn, depose and say:

1.      I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), United States Department of Justice, and have been so employed since May of 2022. Prior to ATF, I worked with the Cobb County Police Department for approximately twelve years. I am a graduate of the Federal Criminal Investigator Training Program and ATF Special Agent Basic Training Program at the Federal Law Enforcement Training Center in Brunswick, Georgia. I have successfully completed investigative training courses in the fields of narcotics investigations/operations and firearms investigations, in addition to conducting both state and federal felony level criminal investigations.

2.      I have participated in many investigations involving the unlawful possession and distribution of controlled substances and the unlawful possession and distribution of firearms. Additionally, I have debriefed and participated in the debriefings of defendants, informants, and witnesses who had personal knowledge of firearms and narcotics violations. Moreover, I have participated in all aspects of firearm and drug investigations, including: questioning of witnesses, the execution of search and arrest warrants, the use of undercover officers, the utilization of informants and conducting surveillance.

3.    The facts in this affidavit come from my personal observations, my training and experience, the training and experience of other agents and officers, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.    Based on my training, experience, and the facts set forth in this Affidavit, I believe there is probable cause to establish that Carlos Crisostomo Garcia has violated 8 U.S.C. § 1326(a) (Illegal Re-Entry After Removal) and 18 U.S.C. § 922(g)(5) (Illegal Alien in Possession of a Firearm).

PROBABLE CAUSE

5.    On January 31, 2026, Officer Ashley Rodgers of the Cullman Police Department was dispatched to a reckless driver call near Exit 308 on Interstate 65.

6.    Upon arriving to the scene, Officer Rodgers found two individuals – Carlos Crisostomo Garcia (Garcia) and Roger Lanningham (Lanningham) – arguing with each other.  Officer Rodgers further observed that Lanningham was trying to keep Garcia from walking into oncoming traffic and that Garcia was stumbling around.

7.    When Officer Rodgers asked the pair what had happened before her arrival, Lanningham informed Officer Rodgers that a vehicle driven and solely occupied by Garcia had cut in front of his own vehicle and almost run him off of the

interstate. After cutting in front of Lannigham's vehicle, Garcia's vehicle came to a stop on the side of the road and, after stopping his own vehicle and approaching Garcia's vehicle on foot, Lanningham found Garcia slumped against the wheel, apparently unconscious. According to Lanningham, Garcia only regained consciousness after Lanningham beat on the window of Garcia's vehicle multiple times.

8.    While at the scene, Officer Rodgers detected the smell of alcohol coming from Garcia's person and, furthermore, had to physically restrain Garcia from walking onto the traffic-laden highway.

9.    Based on her detection of the smell of alcohol coming from Garcia's person and her observation of Garcia's erratic behavior, Officer Rodgers placed Garcia under arrest for public intoxication.

10.    Another responding officer from the Cullman Police Department, Officer Adam Burney, conducted a search of Garcia's vehicle incident to his arrest and, in doing so, discovered an Anderson MFG, AM-15, caliber 300 blackout pistol bearing the serial number 23005896 and two, fully-loaded thirty-round magazines, all of which was located behind the driver's seat. Officer Burney also found a Mexican passport belonging to Garcia in the driver's side sun visor.

11.    The firearm recovered from Garcia's vehicle was provided to the Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF) for a nexus examination.

ATF SA Joel Smith conducted an examination of the above-referenced firearm and determined that it: (1) constituted a firearm within the meaning of 18 U.S.C. § 921(a)(3), and (2) was not manufactured in the State of Alabama and, thus, travelled in/affected interstate and/or foreign commerce.

12.     Additionally, HSI conducted a review of Garcia's immigration status using the name, date of birth, and place of birth reflected in the Mexican passport found in Garcia's vehicle.  HSI's search of immigration and law enforcement databases revealed that Garcia is a native and citizen of Mexico without any legal immigration status in the United States.

13.     HSI's search further revealed that Garcia has been removed from the United States on at least 7 prior occasions.  Garcia was most recently ordered removed from the United States on or about February 8, 2025, and was, in fact, removed from the United States via ICE AIR, at the Alexandria International Airport, on or about April 18, 2025, as evidenced by an Immigration Form I-205 contained in Garcia's Alien File.

14.     Garcia's most recent removal followed closely on the heels of his March 20, 2025 conviction for violating 8 U.S.C. § 1326(a) (Illegal Re-Entry After Removal) in case number 2:25-cr-00062-MHH in the U.S. District Court for the Northern District of Alabama.

15.    Furthermore, HSI reviewed Garcia's Alien File and those records did not contain any documentation showing that he has applied for or received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, for admission to the United States following his removal on or about April 18, 2025.  Had Garcia made such an application, that fact would be reflected in his immigration records.  Lastly, I have no reason to believe that Garcia was in the Northern District of Alabama involuntarily when he was arrested on or about January 31, 2026.

CONCLUSION

16.    Based on my training, experience, and the facts stated above, I believe there is probable cause to establish that Carlos Crisostomo Garcia has violated 8 U.S.C. § 1326(a) (Illegal Re-Entry After Removal) and 18 U.S.C. § 922(g)(5) (Illegal Alien in Possession of a Firearm).

John Pearson
Special Agent, ATF

Sworn to telephonically and subscribed electronically before me this the 5th day of March 2026.

Nicholas A. Danella
United States Magistrate Judge